* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury by accident and an employer — employee relationship existed between them.
4. Phoenix Insurance Company was the carrier on the risk.
5. Plaintiff alleges that he sustained an injury by accident or specific traumatic incident on January 4, 2004. Defendants denied the compensability of this claim pursuant to the Form 61 filed in this case.
6. Plaintiff's average weekly wage was $682.36, yielding a compensation rate of $454.93 per week.
7. Plaintiff last worked for defendant — employer on or about February 4, 2005 and has been terminated from employment.
8. The following were marked and received into evidence at the Deputy Commissioner's hearing:
 a. Stipulated Exhibit Number 1 — pre — trial agreement
 b. Stipulated Exhibit Number 2 — medical records
 c. Plaintiff's Exhibit Number 1 — employment termination letter addressed to plaintiff from defendant — employer, dated February 8, 2005
 d. Plaintiff's Exhibit Number 2 — form 61 denial of workers' compensation claim
 e. Defendants' Exhibit Number 1 — defendant — employer standard safety incident report form
 f. Defendants' Exhibit Number 2 — defendant — employer printout sheet listing previous work — related incidents filed by plaintiff.
9. The issues before the Full Commission are whether plaintiff sustained an injury by accident or specific traumatic incident arising out of and in the course of his employment on January 4, 2004; and, if so, what benefits he is entitled to receive. * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was a 26 year — old high school graduate. In 1999, plaintiff began his employment with defendant — employer as a mirror deck operator making stainless steel sinks. As part of his job duties, plaintiff welded two parts of a stainless steel sink together using a welding torch and rods. After welding the two parts of the sink together, plaintiff placed the welded sink onto a pallet. Once the pallet was full of sinks, plaintiff moved the pallet to another work area with a forklift. Plaintiff's job also required him to move buggies containing debris to the back of the manufacturing facility.
3. On January 4, 2004, plaintiff testified that while he was moving a buggy full of debris to the back of the facility, he slipped and felt a pop in his back. After emptying the debris from the buggy, plaintiff testified that he informed his supervisor, Tommy Powell, of the incident, but that Mr. Powell "just laughed about it." Mr. Powell did not complete an incident report.
4. Mr. Powell testified that plaintiff did not report injuring his back at work while pushing the trash buggy. Mr. Powell also denied laughing in response to a report of injury made by plaintiff.
5. On January 18, 2004, plaintiff sought treatment with Whiteville Urgent Care — North. Plaintiff reported a three — week history of left leg pain and numbness. Plaintiff underwent an EKG and lab tests before being diagnosed with leg pain and numbness, and diabetic peripheral neuropathy.
6. On January 22, 2004, plaintiff returned to Whiteville Urgent Care — North with continued leg pain and complaints of swelling. Plaintiff was referred for a neurological consultation with Dr. Donald Solomon and was written out of work.
7. On March 11, 2004, Dr. Solomon examined plaintiff for complaints of numbness from his thighs to his toes and weakness in his right leg. Dr. Solomon noted no recent trauma or injury as part of plaintiff's medical history. Upon examination, Dr. Solomon's impression was progressive bilateral lower extremity parathesias and dysesthesias with abnormal neurological findings. Dr. Solomon ordered several diagnostic tests for plaintiff, including brain and cervical MRI scans. Based on the results of the MRI scans and other diagnostic testing, Dr. Solomon referred plaintiff to Dr. Michael Haglund at Duke University Medical Center for a surgical consultation.
8. On April 23, 2004, Dr. Michael Haglund evaluated plaintiff for bilateral leg numbness, which had become progressively worse. Plaintiff reported to Dr. Haglund that his condition was not a work — related injury. After reviewing plaintiff's MRI scans, Dr. Haglund recommended plaintiff undergo a thoracic laminectomy at T8 — 9 for removal of a large herniated disc. On April 28, 2004, Dr. Haglund performed the surgery to remove the large calcified disc. Following the surgery, plaintiff was readmitted to the hospital for a second surgery due to an infected epidural space with severe cord compression. On May 10, 2004, plaintiff was discharged with an order for two weeks of home healthcare.
9. On May 19, 2004, plaintiff returned to Dr. Solomon for follow up treatment. At this time, plaintiff reported that in January 2004 he experienced a pop in his back while at work and sought medical treatment at Urgent Care. This is the first report of the January 4, 2004 popping incident in any of plaintiff's medical records. Dr. Solomon continued plaintiff on his current medical regimen. During his deposition, Dr. Solomon stated that plaintiff specifically denied any accident or injury precipitating the onset of his symptoms.
10. Prior to January 4, 2004, plaintiff sustained multiple injuries of varying degrees while working for defendant — employer. Plaintiff reported the injuries to his supervisors and incident reports were completed each time. Beth McPhaul, human resources manager, was responsible for handling defendant — employer's workers' compensation claims. Ms. McPhaul was unable to locate any report for an injury sustained by plaintiff on January 4, 2004. The first notice of plaintiff's January 4, 2004 incident was provided to Ms. McPhaul about five months later, when plaintiff informed her of the incident.
11. Based upon the greater weight of the competent and credible evidence, the Full Commission finds that plaintiff failed to prove that he sustained an injury by accident or a specific traumatic incident arising out of or in the course of his employment on January 4, 2004.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident or a specific traumatic incident arising out of and in the course of the work assigned on or about January 4, 2004. N.C. Gen. Stat. § 97 — 2(6).
2. Therefore, plaintiff is not entitled to benefits under North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97 — 2 et seq.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits under the Act is hereby DENIED.
2. Each side shall bear its own costs.
This 20th day of November, 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER